**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

```
-------------------------------
In re                          :   Chapter 11
                               :
UNI-MARTS, LLC                 :   Case No. 08-11037 MFW
                               :
     Debtor                    :
-------------------------------
CHARAN TRADING CORP.           :
and VARNI, LLC                 :
                               :
     Plaintiffs                :
                               :
     v.                        :   Adversary No. 08-51239
                               :
UNI-MARTS, LLC and             :
HENRY D. SAHAKIAN              :
                               :
     Defendants                :
-------------------------------
```

**BRIEF OF PLAINTIFFS
CHARAN TRADING CORP. AND VARNI, LLC
IN OPPOSTION TO
MOTION OF DEFENDANT HENRY D. SAHAKIAN
TO DISMISS PLAINTIFFS' COMPLAINT**

Dated: October 16, 2008

                                          Warren T. Pratt
                                          Drinker Biddle & Reath LLP
                                          1100 N. Market St., Ste 1000
                                          Wilmington, DE 19801-1254
                                          Telephone: 302-467-4200

                                          *Counsel for Plaintiffs*

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ........................................ ii

NATURE AND STAGE OF PROCEEDING ............................... 1

SUMMARY OF ARGUMENT .......................................... 1

STATEMENT OF FACTS ........................................... 2

ARGUMENT ..................................................... 4

I.   Plaintiffs' Claims Against Sahakian
     Should Not Be Dismissed under Rule 12(b)(2)
     For Lack of Personal Jurisdiction ...................... 4

II.  Plaintiff's Claims Against Sahakian
     Should Not Be Dismissed under Rule 12(b)(6)
     As Barred by the Statute of Limitations ............... 7

III. Plaintiff's Claims Against Sahakian
     Should Not Be Dismissed under Rule 12(b)(6)
     For Failure to State a Claim .......................... 8

IV.  Sahakian Is Not Entitled
     To Injunctive Relief .................................. 9

CONCLUSION .................................................. 11

CERTIFICATE OF SERVICE

**TABLE OF AUTHORITIES**

Cases                                                                    Page

*Bell Atlantic Corp. v. Twombly*,
    127 S.Ct. 1955 (2007) ................................. 8

*Burger King Corp. v. Rudzewicz*,
    471 U.S. 462, 105 S.Ct. 2174 (1985) ................... 6

*Carteret Savings Bank, F.A. v. Shushan*,
    954 F.2d 141 (3d Cir. 1992) ........................... 5

*Fraley v. Chesapeake & Ohio Railway Co.*,
    397 F.2d 1 (3d Cir. 1968) ............................. 6

*Giusto v. Ashland Chemical Co.*,
    994 F.Supp. 587 (E.D.Pa. 1998) ........................ 7

*In re Astropower Liquidating Trust*,
    335 B.R. 309 (Bankr. D.Del. 2005) ................... 5,6

*In re First Central Financial Corp.*,
    238 B.R. 9 (Bankr. E.D.N.Y. 1999) .................... 10

*In re Roberson*,
    262 B.R. 312 (Bankr. E.D.Pa. 2001) .................... 7

*Koken v. Steinberg*,
    825 A.2d 723 (Pa. Cmwlth. 2003) ....................... 8

*Wicks v. Milzoco Builders, Inc.*,
    470 A.2d 86 (Pa. 1983) ................................ 8

Statutes

11 U.S.C. § 105(a) ........................................ 9

Rules

Rule 7001(7), Fed. R. Bankr. P. ........................... 9

Rule 12(b)(2), Fed. R. Civ. P. ............................ 4

Rule 12(b)(6), Fed. R. Civ. P. ........................1,4,7,8

**NATURE AND STAGE OF PROCEEDING**

Plaintiffs Charan Trading Corp. and Varni, LLC were induced through fraudulent or negligent misrepresentations to purchase a convenience store from debtor Uni-Marts, LLC. Charan then entered into various contracts with Uni-Marts, including a trademark license and a fuel supply agreement.

On May 29, 2008, Uni-Marts filed a Chapter 11 petition in this Court. On August 14, 2008, plaintiffs filed their complaint herein, seeking rescission or cancellation of the contracts between Uni-Marts and Charan, and damages against Uni-Marts' president and manager Henry D. Sahakian.

Sahakian has moved to dismiss the claims against him or, in the alternative, to enjoin those claims. Plaintiffs respectfully submit that his motion should be denied.

**SUMMARY OF ARGUMENT**

1. Plaintiffs' claims against Sahakian should not be dismissed for lack of personal jurisdiction.

2. Plaintiffs' claims against Sahakian should not be dismissed under Rule 12(b)(6) as barred by Pennsylvania's two-year statute of limitations.

3. Plaintiffs' claims against Sahakian should not be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

4. Sahakian is not entitled to an injunction.

**STATEMENT OF FACTS**

As alleged in plaintiffs' complaint, Charan Trading Corp. ("Charan") is a Pennsylvania corporation; and Varni, LLC ("Varni") is a Pennsylvania limited liability company. Defendant Uni-Marts, LLC is a debtor in this bankruptcy case; and defendant Henry D. Sahakian is president of and a manager of Uni-Marts.

In October, 2004, Uni-Marts announced that it would offer more than 200 of its convenience stores for sale, and that such businesses "have an established history of strong operations" with good gasoline and merchandise sales.

Plaintiffs' officers Nimesh Patel and Jigna Patel signed a Purchase and Sale Agreement dated December 30, 2004, wherein they agreed to pay $3,300,000 for a Uni-Mart store in reliance on a Property Specific Package ("PSP") prepared and provided by Uni-Marts concerning the store. The Purchase and Sale Agreement sets forth Uni-Marts' representation that, "To the best of Seller's knowledge, the store-level profit and loss information made available by Seller to Purchaser is true and correct in all material respects." In March, 2005, the Debtor provided "Financial Update Information" concerning the store, which purports to show "actual operating results" for calendar year 2004.

Thereafter, in reliance on the PSP and the Financial

Update Information, plaintiffs purchased the store. Charan acquired the operating assets, and Varni acquired the real property where the store is located. Charan also entered into a trademark license and a fuel supply agreement with Uni-Marts.

As alleged in the complaint, the store-level profit and loss information provided by Uni-Marts concerning the store contained material misrepresentations and omitted material facts and was materially false and misleading. The financial information included in the PSP omitted important operating costs such as manager's salary, health and workers' compensation insurance expenses, various taxes, maintenance costs, and other expenses. In addition, the PSP and Financial Information Update falsely reported artificially inflated 2004 sales volumes for the store. Uni-Marts boosted sales by selling fuel at lower margins than represented; and sales actually made in January 2005 were improperly included in the sales figures reported for December 2004. Had this information been accurately presented, plaintiffs would not have purchased the store on the terms set forth in the Purchase and Sale Agreement.

The complaint further alleges that Uni-Marts has repeatedly and materially breached its contracts with Charan by overcharging for fuel, failing to deliver fuel,

and failing to pay or account for credits, discounts, rebates, and other sums owed to Charan under the contracts.

In Count I, for equitable relief against Uni-Marts, the complaint alleges that Uni-Marts procured the contracts by fraud or negligent misrepresentation and materially breached the contracts, and that the contracts are subject to rescission or cancellation by Charan.  In Count II, for money damages against Sahakian, the complaint alleges:

> 31.  Mr. Sahakian directed and participated with and provided substantial assistance to the Debtor and others, pursuant to a common plan, in procuring and breaching the Contracts and tortiously inducing plaintiffs and their principals to purchase the Store.
>
> 32.  As a proximate result, plaintiffs have suffered substantial monetary damages for which Mr. Sahakian is personally liable to plaintiffs.

Complaint ¶¶ 31-32 at pp. 4-5 (Adversary Docket No. 1).

**ARGUMENT**

Sahakian's motion to dismiss pursuant to Rule 12(b)(2) and 12(b)(6), or for an order enjoining plaintiffs' claims, should be denied for the following reasons.

**I.    Plaintiffs' Claims Against Sahakian
       Should Not Be Dismissed under Rule 12(b)(2)
       For Lack of Personal Jurisdiction.**

As Sahakian concedes in his opening brief (at p. 14), a "national contacts" analysis is applied in bankruptcy proceedings to assess the propriety of exercising personal

jurisdiction. *In re Astropower Liquidating Trust*, 335 B.R. 309, 316-318 (Bankr. D.Del. 2005).

Based on his contacts with the United States, Sahakian appears to be subject to the general personal jurisdiction of this Court. Uni-Marts' Statement of Financial Affairs, which Sahakian signed under penalty of perjury, identifies him as "Manager/President" of Uni-Marts and sets forth his mailing address in State College, Pennsylvania (Bankruptcy Case Docket No. 252 at p. 16). The Court may take judicial notice of Uni-Marts' Statement of Financial Affairs, and that Pennsylvania is part of the United States.[1]

Sahakian is also subject to this Court's specific personal jurisdiction. As Sahakian concedes in his brief (at p. 12), the Court "must accept all of the plaintiff's allegations as true" for purposes of ruling on this motion. *Astropower Liquidating Trust*, *supra*, 335 B.R. at 316-317; *accord*, *Carteret Savings Bank, F.A. v. Shushan*, 954 F.2d 141, 142 n. 1 (3d Cir. 1992). The complaint alleges that Sahakian is "president of and a manager of" Uni-Marts and that he "directed and participated with" Uni-Marts in the

---

[1] Wikipedia reports that Sahakian moved to the United States in 1956, studied at Pennsylvania State University, and founded Uni-Marts in 1972. It appears that Sahakian has had substantial and sustained contacts with the United States for over 60 years. *See* Exhibit A hereto.

- 5 -

misconduct resulting in plaintiffs' damages. Complaint ¶¶ 4, 31. Plaintiffs are Pennsylvania entities and their store is located in Wilkes-Barre, Pennsylvania. Complaint ¶¶ 1-2, Ex. A-E. By causing plaintiffs' damages in the United States, Sahakian has subjected himself to the specific personal jurisdiction of this Court. *Astropower Liquidating Trust*, *supra*, 335 B.R. at 317-318, citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 105 S.Ct. 2174 (1985).

Sahakian has not presented a "compelling case" that renders the exercise of personal jurisdiction unreasonable. *Astropower Liquidating Trust*, *supra*, 335 B.R. at 316-317. Sahakian makes no factual showing whatsoever in support of his argument. He contends that he will be unduly burdened by having to defend in Delaware. But litigation in the Court of Common Pleas of Luzerne County, Pennsylvania, where plaintiffs' store is located and where their claims arose, would be no less burdensome than litigation here.

Sahakian's argument that personal jurisdiction is lacking should therefore be rejected.[2]

---

[2] If there were any doubt about personal jurisdiction, the Court's ruling should await Sahakian's responses to jurisdictional discovery. *See Fraley v. Chesapeake & Ohio Railway Co.*, 397 F.2d 1 (3d Cir. 1968). When permitted by Rule 26, plaintiffs will serve document requests addressing general and specific jurisdiction. *See* Exhibit B hereto.

**II. Plaintiff's Claims Against Sahakian Should Not Be Dismissed under Rule 12(b)(6) As Barred by the Statute of Limitations.**

The statute of limitations is an affirmative defense and ordinarily not a proper basis for a Rule 12(b)(6) motion. Sahakian nevertheless contends that plaintiffs' tort claims against him are barred, on the face of the complaint, by the Pennsylvania statute of limitations.

But under Pennsylvania's discovery rule, the statute of limitations is tolled until plaintiffs knew or should have known of the existence of their claims. *See In re Roberson*, 262 B.R. 312, 323-324 (Bankr. E.D.Pa. 2001).

In light of the discovery rule, plaintiffs' complaint on its face does not show any lack of compliance with the limitations period. Whether plaintiffs' claims are barred by the limitations period cannot be determined at this stage of the proceeding. *Id.*; *Giusto v. Ashland Chemical Co.*, 994 F.Supp. 587, 594 (E.D.Pa. 1998). Sahakian cites no case that holds to the contrary.[3]

Sahakian's motion to dismiss on limitations grounds should therefore be denied.

---

[3] Sahakian relies on cases decided on summary judgment or after trial. Because the present case involves a motion under Rule 12(b)(6), those cases are not on point.

- 7 -

**III. Plaintiff's Claims Against Sahakian
   Should Not Be Dismissed under Rule 12(b)(6)
   <u>For Failure to State a Claim</u>.**

Sahakian contends that plaintiffs' complaint fails to state a claim against him upon which relief can be granted.

To the contrary, the complaint alleges that Sahakian "directed" and "participated with" the debtor in tortious misconduct. Complaint ¶ 31. Those allegations suffice to state a claim under Pennsylvania law. *Wicks v. Milzoco Builders, Inc.*, 470 A.2d 86, 90 (Pa. 1983) (officers' misconduct alleged "in the most general terms" stated a claim for participation in tortious activity).

The complaint also alleges that Sahakian "provided substantial assistance to the Debtor and others, pursuant to a common plan," which sufficiently states a claim under Pennsyvania law based on concerted action. *See Koken v. Steinberg*, 825 A.2d 723, 732 (Pa. Cmwlth. 2003) (assertedly "conclusory allegations" of substantial assistance sufficed to state a claim for concerted tortious misconduct).[4]

Arguing otherwise, Sahakian misconstrues *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007). In that case, which involved antitrust claims, the charging allegations

---

[4] Sahakian raises a "straw man" argument about tortious interference with contractual relations; but the complaint does not contain such a claim.

in the complaint were equally susceptible of an inference that the defendants' conduct was entirely lawful. Thus the Court held, "we do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974.

In this case, by contrast, the complaint alleges that Sahakian is Uni-Marts' president and that he "directed" Uni-Marts to engage in actionable misconduct. Complaint ¶¶ 4, 31. It is entirely plausible that the president of Uni-Marts "directed" the activities of that entity. The complaint adequately states a claim under Pennsylvania law, as set forth above. The complaint is equally sufficient under federal pleading standards.

### IV. Sahakian Is Not Entitled To Injunctive Relief.

Sahakian seeks an "order extending the automatic stay" to enjoin the plaintiffs' claims against him – an outmoded euphemism for an injunction under Bankruptcy Code § 105(a). The cases cited in support of such relief were decided over ten years ago. Sahakian's request for injunctive relief should be rejected for two main reasons.

First, Sahakian's request is procedurally defective, because he has not filed a claim for injunctive relief as required by Bankruptcy Rule 7001(7). If the claim had been

properly presented, then plaintiffs would assert defenses to the claim – for example, Sahakian is not entitled to an injunction or any other equitable relief, because of his own inequitable misconduct.

Second, Sahakian makes no showing of any irreparable harm or extraordinary circumstances that might warrant an injunction. Sahakian argues that an indemnification provision in the debtor's operating agreement constitutes an "unusual circumstance" that warrants injunctive relief. To the contrary, far from being unusual, nothing could be more mundane than to find such an indemnification provision in the charter of an entity formed under Delaware law.

Sahakian's indemnification demand does not prejudice the estate in any event. *See In re First Central Financial Corp.*, 238 B.R. 9, 20 (Bankr. E.D.N.Y. 1999) ("A potential for additional claims in this case, without more, does not constitute 'unusual circumstances' which would necessitate imposition [*i.e.*, extension] of the automatic stay" upon pending litigation). That is especially true if insurance may be available to cover such claims.[5]

According to Sahakian, plaintiffs' claims against him threaten Uni-Marts' reorganization. But Uni-Marts is under

---

[5] Count III of the complaint addresses insurance issues.

contract to sell substantially all of its assets to a third party. There is no prospect for reorganization. Sahakian has presented no evidence to the contrary.

## **CONCLUSION**

Defendant Sahakian's motion to dismiss the plaintiffs' claims against him, or for an order enjoining those claims, should be denied.

>Respectfully submitted,
>
>*s/ Warren T. Pratt*
>_____
>Warren T. Pratt  (4334)
>Drinker Biddle & Reath LLP
>1100 N. Market St. Suite 1000
>Wilmington, DE  19801-1254
>Telephone:  302-467-4224
>
>Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

Copies of the attached brief were served today by first class mail, postage prepaid, addressed as follows:

    Robert J. Dehney
    Morris, Nichols, Arsht & Tunnell LLP
    1201 N. Market Street, 18th Floor
    Wilmington, DE  19801

    Tyler P. Brown
    Hunton & Williams LLP
    951 E. Byrd Street, East Tower
    Richmond, VA  23219

    Michael G. Wilson
    Hunton & Williams LLP
    951 E. Byrd Street, East Tower
    Richmond, VA  23219

    Eric M. Sutty
    Bayard, P.A.
    222 Delaware Avenue, Suite 900
    Wilmington, DE  19801

    Charles J. Ferry
    Rhoads & Sinon LLP
    P.O. Box 1146
    Harrisburg, PA  17108-1146

    Bonnie Glantz Fatell
    Blank Rome LLP
    1201 N. Market Street, Suite 800
    Wilmington, DE  19801-4226

    Michael Z. Brownstein
    Blank Rome LLP
    405 Lexington Avenue
    New York, NY  10174-0208

Dated: October 16, 2008

    *s/ Warren T. Pratt*
    _____
    Warren T. Pratt  (4334)
    Drinker Biddle & Reath LLP
    1100 N. Market St. Suite 1000
    Wilmington, DE  19801-1254